**NICHOLAS & TOMASEVIC, LLP**
  Craig M. Nicholas (SBN 178444)
  Alex Tomasevic (SBN 245598)
  Shaun Markley (SBN 291785)
  Ethan T. Litney (SBN 295603)
225 Broadway, 19th Floor
San Diego, California 92101
Tel: (619) 325-0492
Fax: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: elitney@nicholaslaw.org

Attorneys for Plaintiffs,
EMANUEL AGUILRA, ROCIO AGUILERA,
and SIMON GORO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL AGUILERA, an individual; ROCIO AGUILERA, an individual; and SIMON GORO, an individual, | Case No.  3:19-cv-01576-AJB-AGS |
| | **PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| Plaintiffs, | |
| vs. | Date:        January 16, 2020 |
| | Time:        2:00 p.m. |
| MATCO TOOLS CORPORATION, a Delaware corporation, | Courtroom:  4A |
| | Judge:       Hon. Anthony J. Battaglia |
| Defendant. | Amended Complaint filed Aug. 22, 2019 |

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................1

II.     RELEVANT FACTS ..............................................................................2

        A.     Plaintiffs' Prior Claims against Matco, and Matco's
               Pending Arbitration Actions Against Plaintiffs in Ohio .................2

        B.     The Matco Distributorship Agreement and its Dispute
               Resolution Provisions ...................................................................3

        C.     The Northern District Ruled that Matco's Arbitration
               and Forum Selection Clauses Violate the Law and Are
               Unenforceable, and The Ninth Circuit Has Affirmed
               the Northern District's Ruling. ......................................................5

III.    ARGUMENT ..........................................................................................6

        A.     The Ninth Circuit Has Spoken, and Matco is
               Collaterally Estopped from Enforcing Its Arbitration
               or Forum Selection Clauses ...........................................................6

               1.      All Required Elements to Apply Collateral Estoppel
                       Are Present ..........................................................................6

               2.      As the Ninth Circuit's Order in Fleming is Law of
                       the Case, it is Sufficiently "Firm" to Be Afforded
                       Collateral Estoppel "Finality" ............................................8

               3.      Collateral Estoppel Precludes Relitigation of the
                       Enforceability of Matco's Arbitration and Forum
                       Selection Clauses ...............................................................10

        B.     Because Matco's Entire Arbitration Agreement is
               Unenforceable by Its Own Operation, Plaintiffs Did
               Not Delegate Arbitrability .............................................................11

        C.     Matco's Forum Selection Clause is Independently
               Unenforceable as it Violates Strong California Public
               Policies ...........................................................................................14

        D.     The First-To-File Rule Should Not Apply to This
               Action ............................................................................................17

               1.      Federal Comity, Consolidation with Related
                       Litigation, the Interests of Justice, and Convenience
                       Weigh Against the First-To-File Rule .................................17

               2.      Equitable Considerations Weigh In Favor of The
                       Court Exercising Its Discretion Not To Apply the
                       First-To-File Rule ...............................................................18

E.    Transfer Under 28 U.S.C. § 1404(a) Is Inappropriate as the Private and Public Interest Factors Weigh Against Transfer ........................................................................**19**

  1.   *Private Interest Factors Weigh Against Transfer* ....................*20*

  2.   *Public Interest Factors Weigh Against Transfer* ....................*20*

F.    **Plaintiffs Have Standing for Their UCL Claim** ...................**21**

G.    **Plaintiffs Face a Substantial Threat of Suffering Irreparable Harm And Lack Adequate Legal Remedies Absent an Injunction** ........................................**22**

  1.   *Plaintiffs' Threatened Injury Far Outweighs Any Harm The Injunction May Cause Matco* ................................**23**

H.    **The Distributorship Agreement's Dispute Resolution Provisions are Procedurally and Substantively Unconscionable** ..............................................................**24**

IV.   **CONCLUSION** .............................................................**25**

## CASES

*Alexander v. Franklin Resources, Inc*., 2007 WL 518859, at *3 (N.D. Cal. Feb. 14, 2007).................................................................................24

*Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991) ...............................................................................................23

*AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986)...................................................................19

*Avondale Shipyards Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269-71 (5th Cir. 1986).........................................................................15

*Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir.2000) ........................................23

*Bauman v. U.S. District Court,* 557 F.2d 650, 654-55 (9th Cir. 1977) ................15

*Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815-16 (1988)...............................................................................14

*Credit Suisse Securities (USA) LLC v. Chia*, 2013 WL 12114009, *4 (C.D. Cal. Oct. 18, 2013)...............................................................29

*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).......................................................................26

*Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083-85 (9th Cir. 2009)..............................20

*Fleming v. Matco Tools Corp.*, 384 F.Supp.3d, 1124, 1131-1137 (N.D. Cal. 2019)...........................................................................passim

*Gemini Technology, Inc. v. Smith & Wesson Corp.,* 931 F.3d 911, 915-17 (9th Cir. 2019)...............................................................20

*Grisham v. Phillip Morris, Inc.*, 670 F.Supp.2d 1014, 1028-29 (C.D. Cal. 2009).......................................................................12, 17

*In re Matco Tools Corp.*, --- Fed.Appx. ----, 2019 WL 5490960, at *1 (9th Cir. Oct. 25, 2019)..................................................11, 14, 16

*Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006)...........................................................................24

*Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348, 383-385 (2014)...............................................................10, 17, 18

*Janti v. Encore Capital Group, Inc.*, 2010 WL 3058260 (S.D. Cal. Aug. 3, 2010) ...........................................................................27

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 497-98 (9th Cir. 2000)...20, 21, 26

*Karl v. Zimmer Biomet Holdings, Inc.*, 2018 WL 5809428, *2-4, (N.D. Cal. Nov. 6, 2018)...............................................................21

*Khan v. K2 Pure Sols., LP*, 981 F.Supp.2d 860, 863 (N.D. Cal. 2013) ...............27

*Krishner v. Uniden Corp. of America,* 842 F.2d 1074, 1078 (9th Cir. 1988) ...........................................................................15

*Luben Indus., Inc. v. U.S.*, 707 F.2d 1037, 1040 (9th Cir. 1983) .................15, 16

*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) ..............................20

*Maryland Case Co. v. Realty Advisory Bd. On Labor Relations*, 107 F.3d 979 (2d Cir. 1997..........................................................28

*Matthews v. Rogers*, 284 U.S. 521, 530 (1932)....................................................28

*McMillan v. Lowe's Home Centers, LLC*, 2016 WL 232319, at *4 (E.D. Cal. Jan. 20, 2016) ................................................................. 15

*Meadows v. Dickey's Barbeque Rests. Inc.*, 144 F.Supp.3d 1069, 1078-79 (N.D. Cal. 2015) ................................................................. 19

*Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904–05 (Fed. Cir. 2008) ................................................................. 23

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, 2012 WL 3277222, at *5 (N.D. Cal. Aug. 9, 2012). ................. 24

*National Private Truck Council, Inc. v. Oklahoma Tax Com'n*, 515 U.S. 582, 591, n.6 (1995) ................................................................. 28

*OTO, LLC v. Kho*, 8 Cal.5th 111, 125-26 (2019) ................................ 29

*Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) ............ 23

*Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979) .................... 12

*Petersen v. Boeing Co.*, 715 F.3d 276, 280 (9th Cir. 2013) .................. 19

*Robi v. Five Platters, Inc.* 838 F.2d 318, 327 (9th Cir. 1988) .............. 13

*Rowen v. Soundview Communs., Inc.*, 2015 WL 899294, at *4 (N.D. Cal. Mar. 2, 2015) ................................................................. 20

*Sakkab v. Luxottica Retail North America, Inc.*, 928 F.3d 425, 430 (9th Cir. 2015) ................................................................. 10, 17, 18

See *World Group Securities v. Tiu*, 2003 WL 26119461, *7 (C.D. Cal. July 22, 2003) ................................................................. 28

*Skil Corp. v. Millers Falls Co.* ................................................................. 14

*Syverson v. International Business Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007) ................................................................. 12

*United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997) ............ 15

*United States v. Dean*, 752 F.2d 535, 541 (11th Cir.1985) .................. 15

*Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.Supp.2d 1289, 1293 (N.D. Cal. 2013 ................................................................. 23, 25

*Wilkerson v. Sullivan*, 727 F.Supp. 925, 936 (E.D. Pa. 1989) .............. 28

*Xoxide, Inc. v. Ford Motor Co.*, 448 F.Supp.2d 1188, 1192 (C.D. Cal. 2006). ................................................................. 24

**STATUTES**

28 U.S.C. 1404(a) ................................................................. 25

Bus. & Prof. Code § 17200 *et seq.* ................................................ 8

Cal. Bus. & Prof. Code § 20040.5 ................................................ passim

Civil Code section 1668 ................................................................. 27

Civil Code section 3513 ................................................................. 26

Lab. Code § 925 ................................................................. 22, 25, 26, 27

# I.   INTRODUCTION

Defendant Matco Tools Corporation ("Matco") forces its employee "distributors" to sign a Distributorship Agreement containing a "DISPUTE RESOLUTION" provision. Both the Northern District of California and the Ninth Circuit Court of Appeals have found that the arbitration and forum selection clauses contained in this Dispute Resolution provision violate California law and are void and unenforceable. Despite this controlling guidance, Matco now seeks to force Plaintiffs to litigate their long-dismissed claims in private, expensive, and confidential arbitration in Ohio, despite the fact that a putative class action encompassing Plaintiffs' claims is proceeding in the Northern District of California. As the Ninth Circuit has determined on the merits that Matco's arbitration and forum selection clauses are patently void and unenforceable under California law, Matco should be enjoined from dragging Plaintiffs, three absent class members in a Northern California class action, to a distant forum to relitigate these issues.

Matco's motion to dismiss, stay, or transfer this action should be denied. Matco's *forum non conveniens*, arbitrability, and preemption arguments have been rejected by the Northern District of California and the Ninth Circuit. As the Ninth Circuit affirmed the Northern District of California's ruling on the merits and confirmed its conformance with binding Circuit precedent, collateral estoppel applies here, as Plaintiffs signed materially identical Distributorship Agreements to those reviewed by the Northern District and the Ninth Circuit. Matco must be precluded from relitigating these settled issues in Ohio. Finally, Matco's first-to-file argument fails on multiple grounds. Matco seeks to arbitrate in Ohio are claims Plaintiffs originally brought in *this* District. In addition, in these unusual circumstances, federal comity, consolidation of related actions, California public policy, and equitable exceptions to the first-to-file rule warrant an exercise of the Court's discretion not to apply the rule here, as application would result in duplicative litigation, inconvenience, and waste of judicial resources.

## II.   RELEVANT FACTS

### A.   Plaintiffs' Prior Claims against Matco, and Matco's Pending Arbitration Actions Against Plaintiffs in Ohio

Matco requires all distributors and their spouses to sign its "Distributorship Agreement."  Declaration of Ethan Litney ("Litney Decl."), ¶ 2, Ex. A, Aguilera Agreement; Ex. B, Goro Agreement. Pursuant to its Distributorship Agreement, Matco obtains the labor of "distributor" employees like Plaintiffs to carry out necessary services like advertising, sales, delivery, and maintenance of Matco tools under Matco's strict supervision and control. See Declaration of Simon Goro ("Goro Decl."), ¶ 3; Declaration of Emanuel Aguilera ("Aguilera Decl."), ¶ 3.

But Matco refuses to recognize distributors as employees, and thus cheats these individuals out of protections provided by California law such as overtime pay and reimbursement of business expenses. Matco's misclassification of distributors also robs the State of important employee tax revenue and gives Matco an undue advantage over law-abiding competitors who bear the necessary expense associated with employing similar workers.

Previously, Plaintiffs had filed a class action complaint on behalf of themselves and other Matco distributors and spouses in the Superior Court of California, seeking damages, statutory penalties, and restitution under the California Labor Code and the California Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*) ("UCL"). Plaintiffs sought, in short, a determination that they had been misclassified as "independent contractors." Litney Decl., ¶ 3, Ex. C. Plaintiffs, however, eventually dismissed that lawsuit on March 26, 2019. Id. at Ex. D. They never re-filed. Id. at ¶ 3; Goro Decl., ¶ 1; Aguilera Decl., ¶ 1. Although, Matco's classification of workers as "independent" contractors, though, is still being challenged by another distributor in *John Fleming v. Matco Tools Corporation, et al.*, Case No. 3:19-cv-00463-WHO, (N.D. Cal. Jan 25, 2019) (the "*Fleming Action*"), referenced above, where Plaintiffs are technically absent class members.

At issue in this action are Matco's Dispute Resolution provisions and, more specifically, the provisions requiring distributors to submit to binding individual arbitration in Ohio for nearly all disputes.

In particular, on March 25, 2019, and even though Plaintiffs had already dismissed their misclassification complaint (Ex. C), Matco initiated an action to compel arbitration of Plaintiffs' (dismissed) misclassification claims in the Northern District of Ohio.  Litney Decl., ¶ 4, Ex. E, *Matco Tools Corporation v. Emanuel Aguilera et al.*, Case No. 5:19-cv-00641-SL (N.D. Ohio Mar. 25, 2019). On September 9, 2019, Matco filed its Petition to Compel Arbitration. *Id.* at Ex. F. In short, Plaintiffs have had to retain counsel to respond to an Ohio Petition to compel arbitration of the claims they already long dismissed.  Litney Decl., ¶ 4.

Separately, Matco thinks that Plaintiffs owe Matco some money.  So, on June 28, 2019, Matco opened a second front against the Aguileras in Ohio and filed a demand for arbitration before AAA for $57,697 in purported damages, other unstated "amounts owed," "late fees to be determined," attorney's fees, interest, and arbitration costs. Litney Decl., ¶ 5, Ex. G, *Matco Tools Corporation v. Aguilera*, AAA Case No. 01-19-0002-0482.

Also on June 28, 2019, Matco filed a separate demand for arbitration – again in Ohio – against Plaintiff Simon Goro and his wife Deidre for $57,419. Litney Decl., ¶ 5, Ex. H, *Matco Tools Corporation v. Goro*, AAA Case No. 01-19-0002-0483. Plaintiffs have had to retain counsel to respond to these demands too.

### B.      The Matco Distributorship Agreement and its Dispute Resolution Provisions

All three of Matco's Ohio arbitration cases – the Petition in the Ohio District Court against all Plaintiffs, and the two separate arbitrations filed directly with AAA – rely entirely on the Dispute Resolution provisions found in Article 12 of Matco's Distributorship Agreements. Plaintiffs contend, however, that Article 12 is unenforceable and void, as recognized by the Ninth Circuit and Northern District.

First, the Distributorship Agreements contain an arbitration clause at Paragraph 12.1 which states:

> **12.1    Arbitration.** Except as expressly provided in Section 12.5 of this Agreement, all breaches, claims, causes of action, demands, disputes and controversies (collectively referred to as "breaches" or "breach") between the Distributor, including his/her Spouse, immediate family members, heirs, executors, successors, assigns, shareholders, partners or guarantors, and Matco, including its employees, agents, officers or directors and its parent, subsidiary or affiliated companies, whether styled as an individual claim, class action claim, private attorney general claim or otherwise, arising from or related to this Agreement, the offer or sale of the franchise and distribution rights contained in this Agreement, the relationship of Matco and Distributor, or Distributor's operation of the Distributorship, including any allegations of fraud, misrepresentation, and violation of any federal, state or local law or regulation, will be determined exclusively by binding arbitration on an individual, non-class basis only in accordance with the Rules and Regulations of the American Arbitration Association ("Arbitration").

Litney Decl., ¶ 2, Exs. A, B, ¶ 12.1. Paragraph 12.7 then confirms that anything other than *individual* arbitration is prohibited, including that Private Attorneys General Act ("PAGA") claims are prohibited:

> **THE DISTRIBUTOR EXPRESSLY WAIVES ANY RIGHT TO ARBITRATE OR LITIGATE AS A CLASS ACTION OR IN A PRIVATE ATTORNEY GENERAL CAPACITY.**

Litney Decl., ¶ 2, Exs. A, B, ¶ 12.7. Then, at ¶ 12.10, Matco requires that any individual arbitration must be brought on its home turf in Ohio. Litney Decl., ¶ 2, Exs. A, B, ¶ 12.10 ("forum selection clause").

However, and very importantly for this case, the Dispute Resolution article, at ¶ 12.12, has a "blow-up" provision that states that the **entire** agreement to arbitrate becomes null and void if the prohibition against collective/private attorney general act claims is deemed unenforceable:

> "…if the provision prohibiting classwide of private attorney general arbitration is deemed invalid, then the provision requiring arbitration of breaches between the parties shall be null and void and there shall be no obligation to arbitrate such breaches."

Litney Decl., ¶ 2, Exs. A, B, ¶ 12.12. So the only real question is whether Matco's PAGA waiver is enforceable. But under binding California Supreme Court and Ninth Circuit precedent, it is clearly not enforceable. *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348, 383-385 (2014) ("*Iskanian*") ("[A]n employee's

right to bring a PAGA action is unwaivable."); *Sakkab v. Luxottica Retail North America, Inc.*, 928 F.3d 425, 430 (9th Cir. 2015) ("*Sakkab*") ("Pre-dispute agreement to waive PAGA claims are unenforceable under California law.").

## C. The Northern District Ruled that Matco's Arbitration and Forum Selection Clauses Violate the Law and Are Unenforceable, and The Ninth Circuit Has Affirmed the Northern District's Ruling.

As noted above, other Matco distributors have initiated litigation against Matco alleging misclassification. Litney Decl., ¶ 7, Ex. J, *Fleming Action* Complaint. There, Matco chose to test the enforceability of its Dispute Resolution article, i.e., materially the same Distributorship Agreements and Dispute Resolution Articles signed by these Plaintiffs. Id., ¶¶ 8-9, Ex. L, Matco's Motion to Dismiss or Transfer Venue in *Fleming Action*; Ex. M, *Fleming Action* plaintiff's Distributorship Agreement. And in a well-reasoned 14-page Order, the Northern District concluded, among other things, that both Matco's purported arbitration and forum selection clauses were void and unenforceable according to their own terms. *Fleming v. Matco Tools Corp.*, 384 F.Supp.3d, 1124, 1131-1137 (N.D. Cal. 2019). More specifically, The Honorable William H. Orrick ruled:

> "Matco's motion to dismiss is denied because by the Distributorship Agreement's own terms, the arbitration provision is invalid and [California Business and Professions Code] Section 20040.5's prohibition of forum selection clauses for franchise agreements restricting venue to a forum outside California is not preempted by the FAA. I deny the motion to transfer."

*Id.* at 1137.

On May 31, 2019, Matco filed a petition for writ of mandamus with the U.S. Court of Appeals for the Ninth Circuit. Litney Decl., ¶ 10, Ex. P, Matco Writ Petition. On October 25, 2019, the Ninth Circuit denied Matco's petition. In its denial, the Ninth Circuit evaluated the merits of the *Fleming* decision and found:

> The [*Fleming*] district court did not err—much less clearly so—in considering the validity of the franchise agreement's arbitration

provision in the course of deciding Matco's motion. To the contrary, the district court followed binding Ninth Circuit precedent in concluding: (i) Matco and Fleming did not agree to arbitrate their dispute under the plain terms of their contract, *see Sakkab v. Luxxottica Retain N. Am., Inc.,* 803 F.3d 425, 439 (9th Cir. 2015); (ii) absent a valid arbitration provision, the Federal Arbitration Act, 9 U.S.C. §1-307, does not preempt section 20040.5, *see Bradley v. Harris Research, Inc,* 275 F.3d 884, 892 (9th Cir. 2001); and (iii) applying section 20040.5, the forum-selection clause here in unenforceable because it would require Fleming, a California franchisee, to litigate in a non-California venue, *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

*In re Matco Tools Corp.*, --- Fed.Appx. ----, 2019 WL 5490960, at *1 (9th Cir. Oct. 25, 2019). While Matco admittedly did not have the benefit of the Ninth Circuit's opinion before filing this motion, the Ninth Circuit has confirmed that Matco's petition, as well as its related arguments in its motion to dismiss, are meritless. Quite simply, the Northern District and Ninth Circuit's rulings are equally applicable to this action as the *Fleming* action, and warrant complete denial of Matco's motion.

## III.   ARGUMENT

### A.   The Ninth Circuit Has Spoken, and Matco is Collaterally Estopped from Enforcing Its Arbitration or Forum Selection Clauses

#### 1. *All Required Elements to Apply Collateral Estoppel Are Present*

Under federal common law, non-mutual offensive issue preclusion (i.e. collateral estoppel) "permits a plaintiff to preclude a defendant from relitigating issues which a defendant previously litigated and lost against another plaintiff." *Grisham v. Phillip Morris, Inc.*, 670 F.Supp.2d 1014, 1028-29 (C.D. Cal. 2009) (citing *Parkland Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979).). The elements of the doctrine are: (1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action. *Syverson v. International Business Machines Corp.*, 472 F.3d 1072, 1078 (9th Cir. 2007).

Here, as discussed in Plaintiffs' Complaint, all these elements are satisfied

and Matco should be precluded from re-litigating the enforceability of its arbitration and forum selection clauses. First, the *Fleming* case afforded Matco a full and fair opportunity to litigate the enforceability of the Distributorship Agreement's purported arbitration and forum selection clauses, as Matco brought a motion to enforce those very provisions. Litney Decl., ¶ 8, Ex. L; *Fleming*, 384 F.Supp.3d at 1131-37. Further, Matco filed a petition for writ of mandamus relating to the *Fleming* decision (Ex. O), which was denied, and the Ninth Circuit specifically affirmed the *Fleming* decision on its merits. Litney Decl., ¶ 9, Ex. Q.

Second, the enforceability of the Distributorship Agreement's purported arbitration and forum selection clauses was actually litigated in the *Fleming* action. See *Fleming,* 384 F.Supp.3d at 1131-1137. Despite Matco's contention to the contrary, the *Fleming* court found it necessary to evaluate the arbitration clause to rule on Matco's forum selection clause. Matco's argument is premised solely on the fact that it did not file a formal motion to compel arbitration in *Fleming*, as the Northern District of California cannot order arbitration outside of its jurisdiction. Regardless of this nuance, Matco's motion to dismiss or transfer in *Fleming* briefed the enforceability of the arbitration agreement. Litney Decl. ¶ 9, Ex. R, Matco Reply Brief. Matco still further litigated its arbitration agreement in its petition for writ of mandamus and supporting briefing. Litney Decl. ¶ 10, Ex. P.

Third, a final judgment "includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." *Robi v. Five Platters, Inc.* 838 F.2d 318, 327 (9th Cir. 1988) (citing Restatement (Second) of Judgments § 13 (1982)). Here, Judge Orrick drafted a reasoned 14-page order examining the parties' arguments and the relevant evidence that reached the merits of the enforceability of both the arbitration and forum selection clauses. See *Fleming,* 384 F.Supp.3d at 1131-1137. Further, the Ninth Circuit affirmed *Fleming* on its merits, stating that *Fleming* "followed binding Ninth Circuit precedent." Id.

Finally, Matco was a party in the *Fleming* action and is the party Plaintiffs

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1   seek to assert issue preclusion against in this action.  Indeed, Matco has retained the

2   same counsel in this case that is used in *Fleming*. Litney Decl., ¶ 7, Ex. K.

3          2. *As the Ninth Circuit's Order in Fleming is Law of the Case, it is*

4             *Sufficiently "Firm" to Be Afforded Collateral Estoppel "Finality"*

5          Matco attacks the application of collateral estoppel on only two grounds: (1)

6   application of collateral estoppel would be unfair to Matco[1] prior to the Ninth

7   Circuit's ruling on Matco's mandamus petition; and (2) the enforceability of the

8   forum selection and arbitration clauses was not a final judgment but merely an

9   interlocutory order. The Ninth Circuit's denial of Matco's petition and affirmation

10  of the *Fleming* decision's merits resolves both arguments. Matco's first argument is

11  now moot. Litney Decl., ¶ 11, Ex. Q. In addition, the Ninth Circuit's Order denying

12  Matco's petition for writ of mandamus constitutes a "final judgment" and is "law of

13  the case" in the *Fleming Action*, warranting application of collateral estoppel here.

14         U.S. Courts of Appeal have applied issue and claim preclusion based on the

15  denial of a petition for writ of mandamus relating to motions to transfer. For

16  example, in *Skil Corp. v. Millers Falls Co.* the Sixth Circuit found that res judicata

17  applied to the Seventh Circuit's denial of a writ of mandamus relating to a motion

18  to transfer on the grounds that (1) the Seventh Circuit's opinion was final and only

19  challengeable by writ of certiorari, which was not sought, and (2) the Seventh Circuit

20  "decided the power-of-transfer issue on the merits." 541 F.2d 554, 557-58 (6th Cir.

21  1976). The Sixth Circuit also found that "[proceeding on a petition for writ of

22  mandamus is a separate action, and not an appeal, so that the order issued upon

23  petition for writ of mandamus is not interlocutory but rather is a final disposition."

24  Id. Here, the Ninth Circuit denied Matco's petition and further affirmed the *Fleming*

25  _____

[1] Matco raises no other indicia of unfairness here, and none of the unfairness warning
26  signs are present. The Ohio petition at issue was brought by Matco, not Plaintiffs.
    Litney Decl., ¶ 4, Ex. E. In any case, Plaintiffs filed their original Complaint against
27  Matco on December 7, 2018, almost five months before the Order on Matco's Motion
    to Dismiss in Fleming. Id. at ¶¶ 3, 9.  Further, there is no suggestion that Matco did
28  not defend the Fleming suit with full vigor.

1   Court's decision on the merits. *In re Matco Tools Corp.*, 2019 WL 5490960, at *1.

2   The *Fleming* Order should be afforded "finality" on these grounds alone.

3       In addition, the Sixth Circuit also found that the Seventh Circuit's decision on

4   the merits of the writ "had the effect of establishing the validity of the transfer order

5   as law of the case." *Skil Corp*, 541 F.2d at 558. "As most commonly defined, the

6   doctrine of the law of the case posits that when a court decides upon a rule of law,

7   that decision should continue to govern the same issues in subsequent stages in the

8   same case." *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 815-16

9   (1988). The Ninth Circuit has held that "failure to apply the law of the case doctrine

10  … is an abuse of discretion" absent rare exceptions not applicable here. *United States

11  v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

12      The Ninth Circuit has similarly held that the "law of the case doctrine" applies

13  to an order on petition for writ of mandamus "when the [appellate court] rules on the

14  merits." *Krishner v. Uniden Corp. of America*,  842 F.2d 1074, 1078 (9th Cir. 1988)

15  (citing *United States v. Dean*, 752 F.2d 535, 541 (11th Cir.1985) ("[A] prior denial

16  of a petition for a writ of mandamus will have res judicata effect only if the denial

17  was 'on the merits,'...."), cert. denied, 479 U.S. 824 (1986).) Obviously, summary

18  denial of a writ of mandamus without explanation cannot necessarily be considered

19  to have evaluated the merits, as there are several factors that may be weighed and

20  warrant denial without finding error in a lower court's ruling. *See Bauman v. U.S.

21  District Court,* 557 F.2d 650, 654-55 (9th Cir. 1977) (discussing factors). However,

22  as the Ninth Circuit denied Matco's petition and affirmed the ***merits*** of the *Fleming*

23  decision, the original order is "law of the case" in *Fleming*, and sufficiently firm to

24  be afforded "finality" under the collateral estoppel calculus.

25      Matco's authority does not suggest otherwise. Rather, Matco's cited authority

26  demonstrates that the Ninth Circuit has determined some interlocutory opinions

27  should not be given preclusive effect because "as an interlocutory order it is subject

28  to free revision by the court on its own motion or on motion of any party at any time

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

before judgment." *Luben Indus., Inc. v. U.S.*, 707 F.2d 1037, 1040 (9th Cir. 1983).

There is no such concern here, because, as described above, the *Fleming* Order is law of the case. Indeed, Matco's cited authority specifically recognizes that issue preclusion has been applied in the context of issues "resolved by appeal prior to final judgment in the first action." *McMillan v. Lowe's Home Centers, LLC*, 2016 WL 232319, at \*4 (E.D. Cal. Jan. 20, 2016) (citing *Avondale Shipyards Inc. v. Insured Lloyd's*, 786 F.2d 1265, 1269-71 (5th Cir. 1986).

Indeed, in *Luben*, the Ninth Circuit clarified that "[t]o be "final" for collateral estoppel purposes, a decision need not possess 'finality' in the sense of 28 U.S.C. § 1291. A 'final judgment' for purposes of collateral estoppel can be any prior adjudication of an issue in another action that is determined to be "sufficiently firm" to be accorded conclusive effect." *Luben*, 707 F.2d at 1040. *Luben* examined § 13 of the Restatement of Judgments and concluded that factors such as: the parties being fully heard (Exs. L, N, P, R.), the court supported its decision with a reasoned opinion (Ex. O), and that the decision was subject to appeal or was in fact reviewed on appeal (Exs. P, Q) "are factors supporting the conclusion that the decision is final for purpose of preclusion." *Luben*, 707 F.2d at 1040. Here, all factors support the finality of the *Fleming* decision, and collateral estoppel should apply.

### 3. *Collateral Estoppel Precludes Relitigation of the Enforceability of Matco's Arbitration and Forum Selection Clauses*

For the reasons discussed above, collateral estoppel precludes Matco from attempting to enforce its arbitration or forum selection clauses against Plaintiffs, including any purported delegation clause. Relevantly, the *Fleming* Court held:

> Matco's motion to dismiss is denied because by the Distributorship Agreement's own terms, the arbitration provision is invalid and [California Business and Professions Code] Section 20040.5's prohibition of forum selection clauses for franchise agreements restricting venue to a forum outside California is not preempted by the FAA. I deny the motion to transfer.

*Fleming*, 384 F.Supp.3d 1137. In denying Matco's writ, the Ninth Circuit held:

The [*Fleming*] district court **did not err**—much less clearly so—in considering the validity of the franchise agreement's arbitration provision in the course of deciding Matco's motion. To the contrary, the **district court followed binding Ninth Circuit precedent in concluding:** (i) Matco and Fleming did not agree to arbitration their dispute under the plain terms of their contract, *see Sakkab v. Luxxottica Retain N. Am., Inc.*, 803 F.3d 425, 439 (9th Cir. 2015); (ii) absent a valid arbitration provision, the Federal Arbitration Act, 9 U.S.C. §1-307, does not preempt section 20040.5, *see Bradley v. Harris Research, Inc,* 275 F.3d 884, 892 (9th Cir. 2001); and (iii) applying section 20040.5, the forum-selection clause here in unenforceable because it would require Fleming, a California franchisee, to litigate in a non-California venue, *see Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

*In Re Matco Tools Corp.*, 2019 WL 5490960, at *1 (emphasis added). Matco has previously litigated the enforceability of both its arbitration and forum selection clauses and lost in *Fleming.* Matco is precluded from relitigating these issues here under the doctrine of collateral estoppel. *Grisham,* 670 F.Supp.2d at 1028-29. Even assuming, *arguendo*, collateral estoppel did not apply, this Court has clear guidance on the Ninth Circuit's likely position on the merits of Matco's arguments.

**B.      Because Matco's Entire Arbitration Agreement is Unenforceable by Its Own Operation, Plaintiffs Did Not Delegate Arbitrability**

Even if this Court declined to apply collateral estoppel, the Distributorship Agreement could not be clearer as to when arbitration and the remaining dispute resolution provisions applied, and when they did not. To summarize:  Matco insisted on a class and PAGA waiver that said, in relevant part: "No matter how styled by the party bringing the claim, any claim or dispute is to be arbitrated on an individual basis and not as a class action. THE DISTRIBUTOR EXPRESSLY WAIVES ANY RIGHT TO ARBITRATE OR LITIGATE AS A CLASS ACTION OR IN A PRIVATE ATTORNEY GENERAL CAPACITY." Litney Decl. Exs. A, B, ¶ 12.7.

Matco also included a blow-up provision that said there would be *no* agreement to arbitrate should that class or PAGA waiver be deemed illegal.  In Matco's own words: "…if the provision prohibiting classwide or private attorney general arbitration is deemed invalid, then the provision requiring arbitration of

breaches between the parties shall be null and void and there shall be no obligation to arbitrate such breaches." Litney Decl., Exs. A, B, ¶ 12.12.

PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Sakkab*, 803 F.3d at 429 (citing *Iskanian*, 59 Cal.4th at 348); see Labor Code §§ 2698, *et seq.*

It is well-settled in the Ninth Circuit that preemptive PAGA waivers are unenforceable. In *Sakkab*, the Ninth Circuit held that pre-dispute agreements to waive PAGA claims are unenforceable for two reasons. *Sakkab*, 803 F.3d at 430-31 (citing *Iskanian*, 59 Cal.4th at 382-83). First, California Civil Code Section 1668 states that agreements exculpating a party for violations of the law are unenforceable. Id. (internal citations omitted). Second, under California Civil Code Section 3513, a law established for a public reason may not be contravened by private agreement. Id. (internal citations omitted). Describing the California Supreme Court's reasoning in *Iskanian*, the Ninth Circuit stated that "agreements requiring the waiver of PAGA rights would harm the state's interests in enforcing the Labor Code and in receiving the proceeds of civil penalties used to deter violations." Id. (internal citations omitted). This applies to agreements waiving the right to bring "representative" PAGA claims—claims seeking penalties for Labor Code violations affecting other employees—as well. Id. (internal citations omitted).

Under *Sakkab* and *Iskanian*, the Distributorship Agreement's PAGA waiver contained in ¶ 12.7 constitutes an impermissible pre-dispute agreement to waive PAGA claims, rendering it void and unenforceable for the reasons discussed herein. When combined with the blow-up provision contained in ¶ 12.12, the dispute resolution provisions, including the purported delegation clause (merely incorporation of AAA rules) in ¶ 12.1, are null and void according to Matco's own terms, and neither party has an obligation to arbitrate any disputes between them or

bring claims in Ohio.  In summary, because the Distributorship Agreement's PAGA waiver is void, the Distributorship Agreement operates to render the dispute resolution provisions and forum selection clause void and unenforceable as well.

In *Fleming*, the Northern District came to an identical conclusion, noting that "similar non-severability clauses have been found to void arbitration agreements in other cases as well." *Fleming*, 384 F.Supp.3d at 1133 (citing *McArdle v. AT&T Mobility LLC*, 2017 WL 4354998, at \*5 (N.D. Cal. Oct. 2, 2017) (denying motion to compel arbitration based on non-severability provision). There is no reason for this Court to depart from *Fleming*, especially given the Ninth Circuit's recent Order.

Finally, notwithstanding the complete unenforceability of Matco's dispute resolution provisions, Matco's purported delegation clause is still unenforceable. The determination of whether an arbitration clause is valid, applicable, and enforceable is reserved to the district court unless "the parties clearly and unmistakably provide[d] otherwise," such as by delegating the issue of arbitrability to arbitration. *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 649 (1986). Here, the purported delegation clause is merely the incorporation of the AAA rules, and not an express delegation of arbitrability. Litney Decl., Exs. A, B, ¶ 12.1. Importantly, Plaintiffs previously alleged they were employees of Matco, rather than sophisticated business-owners or entrepreneurs. Litney Decl., Ex. C. In similar cases involving franchisees, district courts have found that incorporation of the AAA rules is not "clear and unmistakable evidence" to intend to allow an arbitrator to decide questions of arbitrability. *See, e.g., Meadows v. Dickey's Barbeque Rests. Inc.*, 144 F.Supp.3d 1069, 1078-79 (N.D. Cal. 2015) (No "clear and unmistakable evidence" that franchisees intended an arbitrator to decide questions of arbitrability even though the AAA rules were incorporated in the arbitration provision because the franchisees were "far less sophisticated" than the franchisor-defendant, the relevant agreement was "complicated" and "contain[ed] a myriad of legal terms" and there was no evidence that any of the franchisees "had

1  legal training or experience dealing with complicated contracts"). All of these

2  concerns are present, therefore the "delegation clause" should not be enforced.

3  **C.    Matco's Forum Selection Clause is Independently Unenforceable**

4  **as it Violates Strong California Public Policies**

5  Even if this Court declined to apply collateral estoppel, the forum selection

6  clause is unenforceable for the reasons discussed in *Fleming*.[2]

7  Under federal law, forum selection clauses may be found unenforceable for

8  several reasons, including "if enforcement would contravene a strong public policy

9  of the forum in which suit is brought." *Petersen v. Boeing Co.*, 715 F.3d 276, 280

10  (9th Cir. 2013). While the mere fact that a substantive statutory right embodies a

11  state's strong public policy is not alone grounds to refuse to enforce a forum

12  selection clause, where that underlying policy is specific to venue, courts have found

13  that forum selection clauses contravene a strong public policy. *Rowen v. Soundview

14  Communs., Inc.*, 2015 WL 899294, at *4 (N.D. Cal. Mar. 2, 2015)  ("absent a total

15  foreclosure of remedy in the transferee forum, courts tether their policy analysis to

16  the forum selection clause itself, finding the forum selection clause unreasonable

17  only when it contravenes a policy specifically related to venue."); compare *Doe 1 v.

18  AOL LLC*, 552 F.3d 1077, 1083-85 (9th Cir. 2009) (reversing the district court and

19  finding a non-California forum selection clause unenforceable where the transferee

20  state court would not be able to provide class action procedures and remedies under

21  the California consumer law). That is, where the state law in question is venue-

22  related and reflective of a strong policy in favor of the local adjudication of a dispute,

23  a forum selection clause is unenforceable. See, e.g., *Jones v. GNC Franchising, Inc.*,

24  211 F.3d 495, 497-98 (9th Cir. 2000) (finding forum selection clause invalid because

25  California policy at issue under section 20040.5 specifically provided that California

26  franchisees were entitled to a California venue); *Gemini Technology*, Inc. v. Smith

27  _____

28  [2] As it is germane, Plaintiffs incorporate by reference the briefing in opposition and
Order on Matco's motion to dismiss in the *Fleming* action. Litney Decl., Exs. N, O.

& *Wesson Corp.,* 931 F.3d 911, 915-17 (9th Cir. 2019) (Finding Idaho statute that rendered void every contract that restricted the rights of any Idahoan party to bring their claim in Idaho "state[d] a strong public policy" of Idaho against out-of-state forum selection clauses) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).  Matco's forum selection clause is unenforceable for similar reasons.

Matco styled its agreements as purported "franchise" agreements. Litney Decl., ¶ 2, Exs. A, B. California Business & Professions Code section 20040.5 ("section 20040.5") makes void any "provision in a franchise agreement restricting venue to a forum outside this state … with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." Cal. Bus. & Prof. Code § 20040.5. The Ninth Circuit has previously found that section 20040.5 "expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue." *Jones*, 211 F.3d at 498 (9th Cir. 2000) (Affirming denial of motion to transfer action outside of California pursuant to forum selection clause because "[a] provision [] that requires a California franchisee to resolve claims related to the franchise agreement in a non-California court directly contravenes [] strong [a] public policy [of California] and is unenforceable under the directives of *Bremen*."). Therefore, here, as in the *Fleming* case, "the success of Matco's motion to dismiss or transfer this case depends on the [applicability of section 20040.5]." *Fleming*, 384 F.Supp.3d at 1129.

The public policy concerns identified by *Jones* are particularly salient in the case of Plaintiffs. Plaintiffs have both resided in California for their entire adult lives. Goro Decl., ¶ 4; Aguilera Decl., ¶ 4. With the exception of approximately ten days during which they received training from Matco, Plaintiffs have never traveled to Ohio, and never intend to return to Ohio. Goro Decl., ¶ 5; Aguilera Decl., ¶ 5. After the brief training, all of Plaintiffs' work for Matco was performed in California. Goro Decl., ¶ 5; Aguilera Decl., ¶ 5.

In addition to being California residents and franchisees, Plaintiffs are also California employees. California Labor Code section 925 makes forum-selection clauses requiring California residents to litigate employment-related disputes in foreign courts voidable per public policy. California courts have found that "in Section 925, California expresses a strong public policy to protect employees from litigating labor disputes outside of their home state." *Karl v. Zimmer Biomet Holdings, Inc.*, No. CV-18-04176, 2018 WL 5809428, *2-4, (N.D. Cal. Nov. 6, 2018) (Finding that as "plaintiff's agreement falls within Section 925's orbit and contravenes California strong public policy against litigating labor disputes out-of-state[,] [t]he forum selection clause [in the agreement] is unreasonable under *Bremen* and shall not be enforced.") For the same reasons as discussed above, the public policy concerns of protecting employees from the burden of foreign litigation identified in *Karl* are particularly applicable to Plaintiffs as California employees.

Therefore, under binding Circuit precedent, Matco's forum selection clause is wholly unenforceable because it violates expressly stated California public policies of protecting California employees or franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue. As discussed above, Plaintiffs are exactly whom these public policies are intended to protect.

Matco argument that section 20040.5 and Labor Code section 925 are preempted by the FAA is meritless. For the reasons discussed in *Fleming*, "in order to determine if Section 20040.5 applies or is preempted, [this Court] must first decide whether the arbitration provision in the Distribution Agreement is enforceable." *Fleming v. Matco Tools Corp.*, 384 F.Supp.3d at 1131-33. As discussed *supra*, Matco's arbitration provision is void and unenforceable under *Sakkab* and *Iskanian*. Therefore, "because the arbitration provision is void, the FAA does not preempt section 20040.5" (or section 925). Absent FAA preemption, Matco's forum selection clause has no effect by operation of either section 20040.5 or Labor Code section 925. Id.; see Lab. Code § 925.

### D.   The First-To-File Rule Should Not Apply to This Action

Application of the First-To-File rule is typically intended as a principal of federal comity to avoid duplicative litigation and waste of judicial resources. Here, Plaintiffs originally filed their claims in *this* District, and seek not to create further litigation, but to enjoin Matco from forcing Plaintiffs to litigate their long-dismissed claims, much less litigate them in a highly inconvenient forum. By contrast, Matco did not insist on fighting this battle when Plaintiffs originally sought to dismiss their claims, but rather jointly stipulated to dismiss Plaintiffs' claims without prejudice, only now seeking to compel Plaintiffs' dismissed claims to arbitration in Ohio. In short, this case does not involve a typical application of the first-to-file rule.

#### 1. *Federal Comity, Consolidation with Related Litigation, the Interests of Justice, and Convenience Weigh Against the First-To-File Rule*

The first-to-file rule is not to be mechanically applied, but "rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Indeed, "[t]he most basic aspect of the first-to-file rule is that it is discretionary." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991). Courts properly decline to favor the first-filed action where the interests of justice, equity and convenience favor the later-filed action. *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F.Supp.2d 1289, 1293 (N.D. Cal. 2013). "While no precise rule has evolved, the general principle is to avoid duplicative litigation" and promote judicial efficiency. *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir.2000) (citations omitted).

Here, the interests of justice and sound judicial administration weight against application of the first-to-file rule. Conspicuously absent from Matco's motion is a justification or explanation why Matco seeks to drag Plaintiffs to Ohio to litigate Plaintiffs' long-dismissed claims. Plaintiffs have not refiled their dismissed claims, or threatened Matco with any litigation since the dismissal was granted. Aguilera Decl. ¶ 1, Goro Decl., ¶ 1. Further, Matco admits that Plaintiffs are absent class

members in *Fleming*, pending in the Northern District. Motion, p. 8. Sound principles of judicial economy and federal comity dictate recognition both that the *Fleming* matter is more advanced than any litigation between Plaintiffs and Matco, that the Northern District of California and the Ninth Circuit have already expended significant resources in adjudicating the enforceability of Matco's Distributorship Agreement, and that the witnesses to Plaintiffs' claims will be located in California. *See Micron Tech., Inc. v. Mosaid Techs., Inc.,* 518 F.3d 897, 904–05 (Fed. Cir. 2008) (absence of jurisdiction over all necessary or desirable parties, possibility of consolidation with related litigation, and interests of justice must be evaluated under first-to-file rule to ensure the case receives attention in the most appropriate forum). It simply makes the most sense not to force Plaintiffs to litigate these claims in Ohio, when the Northern District will dispense with the claims of all California distributors simultaneously. *Id.* ("The convenience and suitability of competing forums" is the "real underlying [issue]"); *Alexander v. Franklin Resources, Inc*., 2007 WL 518859, at *3 (N.D. Cal. Feb. 14, 2007) (Finding first-filed action's "choice of venue is outweighed by the interests of justice because transferring this action will lead to efficiency gains. Indeed, **appearing in a single district is more convenient than appearing in two different districts on opposite coasts of the country**."). There is no reason why misclassification claims against Matco should proceed in two forums simultaneously. Here, Matco's desire to spend resources litigating Plaintiffs' cases with a putative class action pending simply smacks of retaliation against Plaintiffs.

2. *Equitable Considerations Weigh In Favor of The Court Exercising Its Discretion Not To Apply the First-To-File Rule*

In addition, equitable concerns warrant refusal to apply the first-to-file rule where the first-filed suit was anticipatory, the result of forum shopping, or filed in bad faith. *See, e.g., Inherent.com v. Martindale-Hubbell*, 420 F.Supp.2d 1093, 1097 (N.D. Cal. 2006); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Payless Shoesource, Inc.*, 2012 WL 3277222, at *5 (N.D. Cal. Aug. 9, 2012).

The "anticipatory suit exception is rooted in a concern that a plaintiff should not be 'deprived of its traditional choice of forum because a defendant with notice of an impending suit first files a declaratory relief action over the same issue in another forum.'" *Inherent.com*, 420 F.Supp.2d at 1097. Anticipatory suits "are viewed with disfavor as examples of forum shopping and gamesmanship." *Xoxide, Inc. v. Ford Motor Co.*, 448 F.Supp.2d 1188, 1192 (C.D. Cal. 2006). That is precisely what transpired here. Matco's petition to compel arbitration in the Northern District of Ohio explicitly states that "Matco is informed and believes that [Plaintiffs] intend to violate the Distributorship Agreements, again, by filing another lawsuit against Matco in California." Litney Decl., Ex. E, p. 8. Other than the instant action, Plaintiffs have not filed another action against Matco. Rather, Matco agreed in bad faith to voluntarily dismiss Plaintiffs claims, purely with the intent to engage in forum shopping, and bring Plaintiffs' claims in Ohio which "permits private attorney general claim waivers," providing Matco with an opportunity to get a second bite at the apple. This is not the purpose of the first-to-file rule, as Matco's requested relief disregards the Northern District and Ninth Circuit's final decisions, and would create duplicative litigation in multiple forums. *Wallerstein v. Dole Fresh Vegetables*, 967 F.Supp.2d 1289, 1292 (N.D. Cal. 2013) ("The [first-to-file] rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments."). The rule should not be applied.

**E.  Transfer Under 28 U.S.C. § 1404(a) Is Inappropriate as the Private and Public Interest Factors Weigh Against Transfer**

As the forum selection clause is void pursuant to section 20040.5 and Labor Code section 925, transfer under 28 U.S.C. 1404(a) is only appropriate for the "[f]or the convenience of the parties and witnesses [or] in the interests of justice." In assessing a motion to transfer for convenience, the court considers public factors, which go to the interests of justice, and private factors, which go to the convenience of the parties and witnesses. Notably, Matco does not raise private interest factors.

### 1. *Private Interest Factors Weigh Against Transfer*

Factors relating to the parties' private interests include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling; and the cost of obtaining attendance of willing witnesses; possibility of view of premises; if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Atl. Marine Constr. Co.*, 571 U.S. at 63 n.6. Here, as in *Fleming*, the private interest factors strongly favor Plaintiffs, for many of the same reasons.

Plaintiffs were presented the Distributorship Agreements in California. Aguilera Decl., ¶ 2, Goro Decl., ¶ 2. Plaintiffs live in California. Aguilera Decl., ¶ 4, Goro Decl., ¶ 4. Plaintiffs only worked for Matco in California. Aguilera Decl., ¶ 5, Goro Decl., ¶ 5. Plaintiffs' dismissed claims were brought under California law, and the claims arose based on conduct in California. Litney Decl. ¶ C. Plaintiffs' former claims were class action claims on behalf of California Matco distributors, where the majority of the witnesses (the putative class members) would reside in California, and it would be significantly more expensive to represent their interests in Ohio. Id. In addition, courts in California are more familiar with California law.

Further, "Although Matco's corporate headquarters are in Ohio, it has hired numerous citizens of California as distributors and implemented policies that allegedly violate California labor laws. That Matco is headquartered in Ohio 'does not negate the local impact of [their] decisions when they are implemented elsewhere.'" *Fleming*, 384 F.Supp.3d at 1135 (citing *Karl v. Zimmer Biomet Holdings, Inc.*, 2018 WL 5809428, at *5 (N.D. Cal. Nov. 6, 2018)).

### 2. *Public Interest Factors Weigh Against Transfer*

Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict

of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

Plaintiffs concede that the docket congestion factor is neutral. However, the factors of public interest in adjudicating local controversies, familiarity with the underlying law, and the avoidance of conflict of law issues all favor Plaintiffs. For the reasons discussed above regarding Plaintiffs' private interest, there is a public interest in adjudicating Plaintiffs' claims in California, if anywhere. California has strong public policy interests in adjudicating this controversy locally, as demonstrated by section 20040.5, Labor Code section 925, and Civil Code section 3513. *Jones v. GNC Franchising, Inc.*, 211 F.3d at 498. Finally, as Matco has recognized in its petition to arbitration in Ohio, "Ohio law…permits private attorney general claim waivers and, thus, Section 12.7 is valid in any event." Litney Decl., Ex. F, p. 13. As Ohio permits private attorney general act waivers, Matco's arbitration agreement is plausibly enforceable in Ohio, while undeniable void and enforceable in California. This troubling conflict of law can be avoided if Plaintiffs are not forced to bring their long-dismissed claims in Ohio.

### F. Plaintiffs Have Standing for Their UCL Claim

As recognized by Matco, California district courts have found litigation expenses, as alleged in Plaintiffs' Complaint, sufficient to support standing under the UCL. See *Janti v. Encore Capital Group, Inc.*, 2010 WL 3058260 (S.D. Cal. Aug. 3, 2010) (finding payment of $50 filing fee sufficient for UCL standing.); *Khan v. K2 Pure Sols., LP*, 981 F.Supp.2d 860, 863 (N.D. Cal. 2013) ("[A]ttorney's fees accrued in past actions brought alleging violation of the UCL are sufficient to establish standing."), order vacated on reconsideration on other grounds, 2013 WL 6235572 (N.D. Cal. Dec. 2, 2013) ("the Court remains persuaded that the attorney's fees the plaintiffs expended in defending against [defendant]'s lawsuits is sufficient to give them standing under the UCL").

Contrary to Matco's claims, the *Noerr-Pennington* doctrine is inapplicable here under the "sham litigation" exception. The sham exception apples where a lawsuit is: (1) objectively baseless, and (2) is a concealed attempt to interfere with the Plaintiff. *Kottle v. N.W. Kidney Centers,* 146 F.3d 1056, 1060 (9th Cir. 1998). As discussed above, Matco's decision to compel Plaintiffs litigation and expend unnecessary costs while a putative class action is pending where Matco could avoid superfluous legal fees and enjoy the discounted damages per putative class member smacks of improper motive of imposing litigation costs on Plaintiffs in retaliation for their audacity in previously suing Matco. *See City of Columbia v. Omni Outdoor Advertising, Inc.* 499 U.S. 365, (1991) ("A 'sham' situation involves a defendant whose activities are not genuinely aimed at procuring favorable government action at all."). Further, the Ninth Circuit's denial of Matco's petition demonstrates its baselessness. Litney Decl., Exs. O, Q. Therefore, as Matco's petition to compel arbitration was a "sham" pleading, *Noerr-Pennington* does not apply. Finally, Plaintiffs' UCL claim is predicated all proceedings in Ohio, not merely the action in the Northern District of Ohio.

## G.    Plaintiffs Face a Substantial Threat of Suffering Irreparable Harm and Lack Adequate Legal Remedies Absent an Injunction

As a preliminary matter, if Matco is not enjoined, Plaintiffs will be improperly forced to litigate claims they has ***already dismissed***. Further, if Matco's Arbitration Actions and Petition to Compel Arbitration are allowed to proceed, Plaintiffs face a substantial abridgment of their rights and remedies under California law that will be irreparable and irreversible. Without relief, Plaintiffs may be permanently foreclosed from exercising such protections, including those under California Civil Code section 1668, Civil Code section 3513, Labor Code section 925 and Business and Professions Code section 20040.5. In addition, Plaintiffs will obviously be forced to shoulder unnecessary litigation expenses in three separate actions over 2,000 miles from their place of domicile, with the likelihood of inconsistent rulings.

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Forcing Plaintiffs to participate in simultaneous litigation of these disputes in three separate actions will cause Plaintiffs to expend time and incur additional legal expenses for which they have no adequate remedy at law, and thus be irreparably injured. See *World Group Securities v. Tiu*, 2003 WL 26119461, *7 (C.D. Cal. July 22, 2003) ("Forcing Plaintiff to arbitrate under these circumstances would constitute irreparable harm … and result in simultaneous litigation of this dispute in two forums–causing Plaintiff to expend time and incur additional legal expenses for which it has no adequate remedy at law.); see also *Wilkerson v. Sullivan*, 727 F.Supp. 925, 936 (E.D. Pa. 1989) (a legal remedy is generally inadequate if it results in a multiplicity of lawsuits). Further, as Plaintiffs' claims are not arbitrable, the time and resources Plaintiffs would expend in arbitration is not compensable, and thus an irreparable injury. See *Maryland Case Co. v. Realty Advisory Bd. On Labor Relations*, 107 F.3d 979 (2d Cir. 1997) (Affirming preliminary injunction enjoining arbitration action and finding that time and resources expended in forced arbitration of non-arbitrable claims constituted irreparable injury.). In addition, the Supreme Court has long held that a real risk of "numerous suits between the same parties, involving the same issue of law or fact" provide an independent rational for granting injunctive relief even if an apparently adequate remedy at law exists. *National Private Truck Council, Inc. v. Oklahoma Tax Com'n*, 515 U.S. 582, 591, n.6 (1995) (citing *Matthews v. Rogers*, 284 U.S. 521, 530 (1932)). Finally, Ohio has substantially different law that may affect enforceability of Matco's Distributorship Agreement. Therefore, Plaintiffs face a substantial risk of irreparable injury.

### 1. *Plaintiffs' Threatened Injury Far Outweighs Any Harm To Matco*

If Plaintiffs ultimately do not prevail on the merits in this action, the harm to Matco will be minimal. The arbitration actions and the petition to compel Arbitration are in their infancy, and neither the Northern District of Ohio or either of the arbitrators in the Goro and Aguilera arbitrations have ruled on the enforceability of Matco's Distributorship Agreement. Litney Decl., ¶ 13.

1    Perhaps more importantly, deferring these arbitrations does not divest Matco
2  of any enforceable rights.  Matco can still bring proper claims in the proper forum.
3  And there is already one forum – the Northern District presiding over the Fleming
4  matter – that is already dealing with the misclassification issues that Matco wants to
5  unnecessarily duplicate in Ohio against these Plaintiffs. The balance of harms
6  heavily favors granting the Plaintiffs' requested relief.  See, e.g., *Credit Suisse*
7  *Securities (USA) LLC v. Chia*, 2013 WL 12114009, *4 (C.D. Cal. Oct. 18, 2013)
8  ("Here, the irreparable harm Plaintiffs would suffer if the injunction is erroneously
9  denied—i.e., being required to arbitrate a dispute it did not agree to arbitrate—
10  outweighs the delay in arbitration Chia would suffer if the injunction is erroneously
11  granted.").

**H.    The Distributorship Agreement's Dispute Resolution Provisions**
**are Procedurally and Substantively Unconscionable**

14    Under the FAA, arbitration agreements can be invalided based on "generally
15  applicable contract defenses" such as unconscionability, which are evaluated by
16  courts, not arbitrators. The Distributorship Agreements, including the arbitration and
17  forum selection clauses, are independently unenforceable because they are
18  unconscionable under California law. Under California law, "both procedural and
19  substantive unconscionability must be shown for the defense of unconscionability to
20  be established." *OTO, LLC v. Kho*, 447 P.3d 680, 690 (Cal. 2019).  Courts may find
21  unconscionability where one type of unconscionability is particularly strong, even if
22  the other is "relatively low." Id. at 693. Further, under California law, Courts have
23  the discretion to refuse to enforce a contract in its entirety if it is "permeated with
24  unconscionability." *Armendariz v. Foundation Health Psychcare Services, Inc.*, 24
25  Cal.4th 83, 121-22 (2000); Complaint ¶¶ 47-55. [3]

26    Matco's Distributorship Agreement with Plaintiffs is tainted with procedural

---

[3] Plaintiffs incorporate by reference the Complaint's allegations regarding
unconscionability. See Complaint ¶¶ 47-55.

unconscionability. The California Supreme Court has instructed that "courts must be 'particularly attuned' to the danger [of procedurally unconscionable contracts] in the employment setting, where 'economic pressured exerted by employers on all but the most sought-after employees may be particularly acute." *Baltazar v. Forever 21, Inc.*, 62 Cal.4th 1237, 1244 (2016) (citing *Armendariz*, 24 Cal.4th at 115). The California Supreme Court has held that form contracts offered on a take-it-or-leave-it basis are procedurally unconscionable contracts of adhesion. *Baltazar*, 62 Cal.4th at 1245. Here, the Distributorship Agreement was a contract drafted by Matco, the party with greater bargaining power, and was a form contract presented on a take-it-or-leave it basis where Plaintiffs were unable to negotiate its terms. Goro Decl., ¶ 2; Aguilera Decl., ¶ 2.

Regarding substantive unconscionability, Matco's Distributorship Agreement lacks mutuality as it compels the arbitration of claims more likely to be brought by the weaker party (Distributors such as Plaintiffs), yet exempts from arbitration the claims more likely to be brought by Matco. Specifically, the Distributorship Agreement exempts intellectual property disputes and enforcement of Matco's covenant not to compete, which only Matco would bring. Litney Decl., ¶ 2, Exs. A, B, ¶ 12.5. "Where the party with stronger bargaining power has restricted the weaker party to the arbitral forum but reserved for itself the ability to seek redress in either an arbitral or judicial forum, California courts have found a lack of mutuality supporting substantive unconscionability." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1285 (9th Cir. 2006); see *Armendariz*, 24 Cal.4th at 119-20. Similarly, Matco exempts "any dispute or controversy involving immediate termination of [the Distributorship Agreement] **by Matco**. See Litney Decl., ¶ 2, Exs. A, B, ¶ 12.5.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiffs request that Matco's motion be denied in its entirety. In the alternative, if the Court is inclined to grant Matco's motion, Plaintiffs request leave to amend.

Respectfully submitted:

DATED:   October 29, 2019                    **NICHOLAS & TOMASEVIC, LLP**


                                        By:    _/s/ Ethan T. Litney_____
                                               Craig M. Nicholas
                                               Alex Tomasevic
                                               Shaun Markley
                                               Ethan T. Litney
                                               225 Broadway, Floor 19
                                               San Diego, California 92101
                                               Telephone: (619) 325-0492
                                               Facsimile: (619) 325-0496
                                               Email: cnicholas@nicholaslaw.org
                                               Email: atomasevic@nicholaslaw.org
                                               Email: smarkley@nicholaslaw.org
                                               Email: elitney@nicholaslaw.org

                                               Attorneys for Plaintiffs