UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL AGUILERA, an individual; ROCIO AGUILERA, an individual; and SIMON GORO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>MATCO TOOLS CORPORATION, a Delaware corporation,<br><br>Defendant. | Case No.: 3:19-cv-01576-AJB-AHG<br><br>**ORDER GRANTING PLAINTIFFS EMANUEL AGUILERA, ROCIO AGUILERA, AND SIMON GORO'S EX PARTE APPLICATION FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER (Doc. No. 24)** |

Currently pending before the Court is Plaintiffs Emanuel Aguilera, Rocio Aguilera, and Simon Goro's ("Plaintiffs") *ex parte* application for issuance of temporary restraining order ("TRO"), or in the alternative, for an order shortening time on Plaintiffs' motion for preliminary injunction. (Doc. No. 24.) Defendant Matco Tools Corporation ("Matco") opposed Plaintiffs' *ex parte* application, (Doc. No. 28) and Plaintiffs replied, (Doc. No. 29.) For the reasons set forth below, the Court **GRANTS** Plaintiffs' *ex parte* application for a TRO.

//
//
//

1

# I. BACKGROUND

This action can be distilled down to one simple dispute—whether this Court should enjoin Matco from proceeding with arbitration against Plaintiffs in Ohio.

## A. The Parties and Disputes

Headquartered in Stow, Ohio, Matco Tools Corporation markets mechanic repair tools, diagnostic equipment, and toolboxes. (First Amended Complaint ("FAC") ¶ 12.) Matco contracts with individual entrepreneurs, also known as "Distributors," to display and sell Matco branded tools through "mobile distributorships." (Doc. No. 28 at 12.) Matco requires all Distributors and their spouses to sign its "Distributorship Agreement" and pay a corresponding fee. (Doc. No. 24-1 at 6.)

Plaintiffs Emanuel Aguilera, his spouse, Rocio Aguilera, and Simon Goro are all residents of California. (FAC ¶ 10–12.) Plaintiffs and their spouses signed a Distributorship Agreement in June 2018. (Doc. No. 28 at 13.) Plaintiffs allegedly borrowed funds from Matco pursuant to a promissory note in connection with their franchise distributorships. (*Id.*) Plaintiffs then purchased tools from Matco, and sold the tools to customers. (*Id.*) Both Plaintiffs Emanuel Aguilera and Simon Goro operated distributorships solely in California until November 2018. (*Id.*)

Plaintiffs allege Matco refused to recognize the Distributors as employees, and deprived the Distributors of protections under California law such as overtime pay and reimbursement of business expenses. (Doc. No. 24-1 at 7.) Matco, on the other hand, contends the Distributors are independent contractors. (Doc. No. 28 at 13.)

However, before getting to the merits of the case, the parties currently dispute which forum, if any, the lawsuit should appropriately be filed in. Specifically, Plaintiffs and Matco clash over Matco's Dispute Resolution provisions in the Distributorship Agreements, and the provisions requiring Distributors to submit to binding individual arbitration in Ohio for nearly all disputes. (Doc. No. 24-1 at 7.) While Matco contends otherwise, Plaintiffs allege the arbitration and forum selection clauses contained in their Distributorship Agreements are unenforceable. (*Id.*)

### B. Plaintiffs' Dismissed California Action and Matco's Petition to Compel Arbitration Pending in Ohio

Previously on December 7, 2018, Plaintiffs filed a class action lawsuit on behalf of themselves and other Matco Distributors and their spouses in Alameda County Superior Court, alleging that they had been misclassified as "independent contractors." (Doc. No. 24-1 at 7.) Matco removed the action to the United States District Court for the Northern District of California ("Northern District of California") on January 18, 2019. (Doc. No. 28 at 15); *see Emanuel Aguilera et al. v. Matco Tools Corporation*, Case No.: 19-CV-00321-YGR (N.D. Cal. 2019). On March 11, 2019, Matco moved to dismiss or transfer the action to the United States District Court for the Northern District of Ohio ("Northern District of Ohio"). (*Id.*) Instead of opposing Matco's motion, Plaintiffs agreed to dismiss the case without prejudice, and the parties filed a request for dismissal on March 22, 2019. (*Id.* at 16.) Plaintiffs did not re-file their lawsuit. (Doc. No. 24-1 at 7.) On March 25, 2019, Matco then initiated an action against Plaintiffs in the Northern District of Ohio by filing a petition to compel arbitration of Plaintiffs' dismissed California claims. (*Id.* at 7); *Matco Tools Corporation v. Aguilera et al.*, Case No.: 19-cv-00641-PAB (N.D. Ohio 2019). The petition is fully briefed, and currently pending before the Northern District of Ohio. (*Id.*)

### C. Matco's Ohio Arbitrations Against Plaintiffs

Then on June 28, 2019, Matco submitted an arbitration demand before the American Arbitration Association ("AAA") in Ohio against Plaintiffs Emanuel and Rocio Aguilera. (Doc. No. 28 at 16.) That same day, Matco filed a separate demand for arbitration—again before the AAA in Ohio—against Plaintiff Simon Goro and his wife. (*Id.*) In both arbitrations before the AAA, Matco seeks amounts relating to Plaintiffs' alleged failure to pay on their promissory notes. (Doc. No. 6 at 14.)

On September 19, 2019, Plaintiffs Emanuel and Rocio Aguilera contested the validity of the arbitration provision in their proceedings. (Doc. No. 30 at 16.) On December 16, 2019, the arbitrator ruled that the provision was enforceable. (*Id.*) The evidentiary hearing in the arbitration is currently scheduled for March 25, 2020. (*Id.*)

3

Plaintiff Simon Goro and his wife are also challenging the arbitration provision in their arbitration proceeding. (*Id.* at 17.) Their opening brief on the issue is due on February 7, 2020, and briefing will be complete on February 28, 2020. The arbitrator also scheduled a status conference for March 6, 2020. (*Id.*)

### D. The *Fleming* Action: The Northern District of California and Ninth Circuit Decisions

Matco's classification of its workers as independent contractors is also being challenged by a different plaintiff, John Fleming, in a putative class action filed on January 25, 2019 in the Northern District of California. *See John Fleming v. Matco Tools Corporation, et al.*, No. 3:19-cv-00463-WHO, (N.D. Cal. Jan 25, 2019) (the "*Fleming* Action"); (Doc. No. 24-1 at 7.) Plaintiffs in this instant matter are absent class members in the *Fleming* Action. (Doc. No. 16 at 7.) And Plaintiff Rocio Aguilera does not meet the criteria for putative class membership as defined in the *Fleming* complaint. (Doc. No. 17 at 15 n.4.) While John Fleming's Distributorship Agreement is not exactly the same as Plaintiffs' in this instant action, the dispute resolution provisions in John Fleming's Distributorship Agreement is not materially different to the provisions signed by Plaintiffs here. (*Id.* at 10.) On February 19, 2019, in the *Fleming* Action, Matco moved to enforce the Ohio forum selection clause in John Fleming's Distributorship Agreement by filing a motion to dismiss, or, in the alternative, motion to transfer venue based on *forum non conveniens*. (Doc. No. 28 at 15.) The district court denied the motion on May 3, 2019, holding the arbitration and forum selection clauses in John Fleming's Distributorship Agreement invalid. *See Fleming v. Matco Tools Corp.*, 384 F. Supp. 3d 1124 (N.D. Cal. 2019). Specifically, the district court held the Federal Arbitration Act ("FAA") did not preempt Cal. Bus. & Prof. Code § 20040.5, which bars non-California forum selection clauses in franchise agreements. *Id.* at 1137. Additionally, the district court reasoned the arbitration provision containing the forum selection clause was invalid because it contained a Private Attorneys General Act ("PAGA") waiver, which triggered a "blow up" provision invalidating the arbitration provision. *Id.* at 1133.

On June 4, 2019, Matco filed a petition for writ of mandamus with the Ninth Circuit, on the issue of whether the district court properly determined the validity of the arbitration provision before ruling on the enforceability of the forum selection clause set forth in the arbitration provision. (Doc. No. 28 at 15.) On October 25, 2019, the Ninth Circuit denied the petition, affirming the district court's decision. *In re Matco Tools Corp.*, 781 F. App'x 681 (9th Cir. 2019). The Ninth Circuit held that the district court "did not err—much less clearly so—in considering the validity of the franchise agreement's arbitration provision." *Id.* at 682. The Ninth Circuit also held that the district court followed "binding Ninth Circuit precedent" in concluding that: (1) "Matco and Fleming did not agree to arbitrate their dispute under the plain terms of their contract," (2) absent a valid arbitration provision, the FAA does not preempt Cal. Bus. & Prof. Code § 20040.5, and (3) the forum selection clause was unenforceable. (*Id.*) Matco filed a petition for rehearing en banc, which was denied by the Ninth Circuit on January 3, 2020. (Doc. No. 30 at 15.)

## II. PROCEDURAL HISTORY

Plaintiffs filed this action in this Court on August 21, 2019. (Doc. No. 1.) A FAC was filed on August 22, 2019. (Doc. No. 3.) In the FAC, Plaintiffs assert three causes of action for: (1) declaratory judgment, holding the clauses requiring individual arbitration exclusively in Ohio void and unenforceable, (2) injunctive relief enjoining the Ohio proceedings, and (3) violation of California's Unfair Competition Law. (Doc. No. 3.) On October 10, 2019, Matco filed a motion to dismiss for lack of jurisdiction and failure to state a claim. (Doc. No. 10.) Matco seeks dismissal based on (1) the first-to-file rule, (2) lack of jurisdiction because the Distributorship Agreement allegedly delegated issues of arbitrability to an arbitrator, and (3) the failure to state a claim on the UCL, restitution, and injunctive claims for relief. (Doc. No. 10.) Plaintiffs opposed the motion, (Doc. No. 16) and Matco replied, (Doc. No. 17). Hearing on Matco's motion to dismiss is currently set for March 5, 2020.

Plaintiffs then filed a motion for preliminary injunction on December 27, 2019. (Doc. No. 18.) Matco opposed the motion. (Doc. No. 30). Plaintiffs' reply is due January

31, 2020. Hearing on Plaintiffs' motion for preliminary injunction is currently set for March 5, 2020, the same date as hearing on Matco's motion to dismiss.

On January 13, 2020, after filing their motion for preliminary injunction, Plaintiffs filed an *ex parte* application for a temporary restraining order, or in the alternative, for an order shortening time on Plaintiffs' motion for preliminary injunction. (Doc. No. 24.) Matco opposed the *ex parte* application, (Doc. No. 28) and Plaintiffs replied, (Doc. No. 29). This order follows.

### III. MATCO'S REQUEST FOR JUDICIAL NOTICE

Matco seeks judicial notice of a statistical report from the federal court's website titled, "United States District Courts — National Judicial Caseload Profile." (Doc. No. 28-1.) Federal Rule of Evidence 201(b) permits judicial notice of a fact when it is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Welk v. Beam Suntory Imp. Co.*, 124 F. Supp. 3d 1039, 1041–42 (S.D. Cal. 2015). Plaintiffs have not opposed judicial notice of the report or otherwise disputed its authenticity. Accordingly, the Court grants judicial notice of the report because it is an undisputed "matter of public record." *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

### IV. LEGAL STANDARD

A temporary restraining order may be granted upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). The purpose of such an order, as a form of preliminary injunctive relief, is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). A request for a TRO is evaluated by the same factors that generally apply to a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). However, a TRO is an "extraordinary remedy" and is "never

awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citing *Munaf v. Geren*, 553 U.S. 674, 689–90 (2008)). Instead, the moving party bears the burden of demonstrating four factors: (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Id.* at 20 (citations omitted). Additionally, under an alternative approach, an injunction may issue where there are "serious questions going to the merits" and "a balance of hardships that tips sharply towards the plaintiff." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## V. DISCUSSION

### A. Likelihood of Success on the Merits

#### 1. Collateral Estoppel

Plaintiffs argue Matco is collaterally estopped from enforcing the arbitration and forum selection clauses. (Doc. No. 24-1 at 15.) In particular, Plaintiffs contend Matco had the opportunity to litigate the issue of the enforceability of the arbitration and forum selection provisions in the *Fleming* Action. (*Id.*) Matco opposes, maintaining that collateral estoppel is a gateway issue for an arbitrator, the elements of collateral estoppel are not present, and its application would be unfair to Matco. (Doc. No. 28 at 22.) The Court disagrees with Matco.

To invoke nonmutual offensive issue preclusion, a plaintiff has to prove: (1) the defendant was afforded a full and fair opportunity to litigate the issues in the prior actions; (2) the issues were actually litigated and necessary to support the judgments; (3) the issues were decided against defendant in final judgments; and (4) defendant was a party or in privity with a party in the prior proceedings. *Resolution Tr. Corp. v. Keating*, 186 F.3d 1110, 1114 (9th Cir. 1999).

Here, Plaintiffs' collateral estoppel argument is likely to succeed. In running through the required elements for issue preclusion, Plaintiffs have a compelling argument that collateral estoppel would apply. First, it appears Matco was provided a full and fair

7

opportunity to litigate the issue of the arbitration provisions in the *Fleming* Action because Matco filed a motion to dismiss, or in the alternative, to transfer venue to enforce virtually identical arbitration provisions as in this instant matter. (*Fleming* Action, No. 3:19-cv-00463-WHO, Doc. No. 16.) Matco then went on to challenge the district court's denial of its motion through a petition for writ of mandamus, which resulted in a Ninth Circuit decision holding the arbitration and forum selection clauses unenforceable. *In re Matco Tools Corp.*, 781 F. App'x at 682. Matco even filed a petition for rehearing en banc, which was denied by the Ninth Circuit on January 3, 2020. (*Fleming* Action, No. 3:19-cv-00463-WHO, Doc. No. 43.) And lastly, there is no indication that Matco petitioned for a writ of certiorari from the United States Supreme Court.

Second, the issue of the enforceability of the arbitration provisions was actually litigated as the *Fleming* district court found it necessary to evaluate the arbitration clause before ruling on Matco's forum selection clause. *See Fleming*, 384 F. Supp. 3d at 1137 ("Matco's motion to dismiss is denied because by the Distribution Agreement's own terms, the arbitration provision is invalid and Section 20040.5's prohibition of forum selection clauses in franchise agreements restricting venue to a forum outside California is not preempted by the FAA."). The district court's ruling was subsequently affirmed by the Ninth Circuit. *In re Matco Tools Corp.*, 781 F. App'x at 682.

Third, there is support that the Ninth Circuit's denial of Matco's petition for writ of mandamus was a "final judgment." In general, a prior decision will have res judicata effect only if it was a decision "on the merits." *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326 (1955). A prior denial of a petition for a writ of mandamus will have res judicata effect only if the denial was "on the merits," but not if the denial was the result of the special limitations inherent in the writ. *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1078 (9th Cir. 1988); *Skil Corp. v. Millers Falls Co.*, 541 F.2d 554, 558 (6th Cir. 1976) ("A proceeding upon a petition for a writ of mandamus is a separate action. . . . Therefore, the Seventh Circuit's order was not interlocutory, but a final disposition, challengeable only by writ of certiorari in the Supreme Court, which [plaintiff] did not seek."). Thus, the

question becomes whether the Ninth Circuit's denial of the petition for a writ of mandamus was "on the merits." The Court concludes it was. Here, the Ninth Circuit specifically stated "[t]he district court did not err—much less clearly so—in considering the validity of the franchise agreement's arbitration provision in the course of deciding Matco's motion." *In re Matco Tools Corp.*, 781 F. App'x at 682. Furthermore, the Ninth Circuit also held "the district court followed binding Ninth Circuit precedent in concluding" that there was no agreement to arbitrate or a valid forum selection clause. *Id.*

And lastly, it is undisputed that Matco was a defendant in the *Fleming* Action. Additionally, counsel of record in this instant action was also the same counsel of record as in the *Fleming* Action. (Doc. No. 24-1 at 16.)

In opposing Plaintiffs' collateral estoppel argument, Matco argues that collateral estoppel is a question for an arbitrator. (Doc. No. 28 at 22.) It is true that "issues of procedural arbitrability, i.e., whether prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate have been met are for the arbitrators to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 85 (2002). But Matco oversimplifies the matter. This situation is not one in which an arbitrable issue within the scope of the arbitration provision is potentially subject to collateral estoppel. Instead, collateral estoppel potentially applies to the issue of the validity of an arbitration clause, which as explained below, is an issue for courts to decide. *See also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967). Matco cites no authority to suggest the contrary.

In sum, the Court concludes there is a probable likelihood of success on the merits on Plaintiffs' collateral estoppel argument.

### 2. The Unenforceability of the Arbitration Provision

Even if collateral estoppel were not to apply, the Court also holds that the arbitration provision in Plaintiffs' Distributorship Agreement is likely unenforceable due to its inclusion of a Private Attorneys General Act ("PAGA") claim waiver. PAGA "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her

9

3:19-cv-01576-AJB-AHG

employer for Labor Code violations committed against the employee and fellow employees, with most of the proceeds of that litigation going to the state." *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 429 (9th Cir. 2015).

The PAGA waiver in Plaintiffs' Distributorship Agreement reads, "THE DISTRIBUTOR EXPRESSLY WAIVES ANY RIGHT TO ARBITRATE OR LITIGATE AS A CLASS ACTION OR *IN A PRIVATE ATTORNEY GENERAL CAPACITY*." (*See* Doc. No. 24-3, Ex. A ¶ 12.7 (emphasis added).) Also included in the Distributorship Agreement is a "blow-up provision" that provides, "if the provision prohibiting classwide or *private attorney general arbitration is deemed invalid*, *then the provision requiring arbitration of breaches between the parties shall be null and void* and there shall be no obligation to arbitrate such breaches." (*Id.* ¶ 12.12 (emphasis added).)

It is well-established in the Ninth Circuit that provisions purporting to waive PAGA claims are unenforceable in arbitration agreements. Indeed, in *Sakkab*, the Ninth Circuit held that pre-dispute agreements to waive PAGA claims are unenforceable because: (1) agreements exculpating a party for violations of the law are unenforceable; and (2) a law established for a public reason may not be contravened by private agreement. *Sakkab*, 803 F.3d at 429. It is quite clear that the arbitration provisions in Plaintiffs' Distributorship Agreement contain improper PAGA waivers. Thus, under settled Ninth Circuit law, the PAGA waiver constitutes an impermissible pre-dispute agreement to waive PAGA claims. This invalid PAGA waiver, read in conjunction with the "blow-up provision" renders the arbitration agreement likely unenforceable.

### 3. The Invalid Forum Selection Clause

Also likely invalid is the forum selection clause. The forum selection clause in Plaintiffs' agreement states, "[u]nless this requirement is prohibited by law, all arbitration hearings must and will take place exclusively in Summit or Cuyahoga County, Ohio. All court actions, mediations or other bearings or proceedings initiated by either party against the other party must and will be venued exclusively in Summit or Cuyahoga County, Ohio." (*See* Doc. No. 24-3, Ex. A ¶ 12.10.)

California Business and Professions Code § 20040.5 makes void any "provision in a franchise agreement restricting venue to a forum outside this state . . . with respect to any claim arising under or relating to a franchise agreement involving a franchise business operating within this state." Cal. Bus. & Prof. Code § 20040.5. The Ninth Circuit has held that the statute "expresses a strong public policy of the State of California to protect California franchisees from the expense, inconvenience, and possible prejudice of litigating in a non-California venue." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). A forum selection clause "that requires a California franchisee to resolve claims related to the franchise agreement in a non-California court[,]" such as the one here, "directly contravenes this strong public policy and is unenforceable under the directives of *Bremen*." *Id.* (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 (1972)).

Here, Matco does not dispute that it styled its agreements with Distributors as franchise agreements. The Ninth Circuit in the *Fleming* Action explicitly determined that "applying section 20040.5, the forum-selection clause here is unenforceable because it would require Fleming, a California franchisee, to litigate in a non-California venue." *In re Matco Tools Corp.*, 781 F. App'x at 683. The Court finds no reason to diverge from the Ninth Circuit's reasoning, given that the forum selection clause in Fleming's Distributorship Agreement does not materially differ from Plaintiffs' here. Thus, given the mandate of Cal. Bus. & Prof. Code § 20040.5, the Court holds that there is a likelihood of success in invalidating the forum selection clause.

### 4. The Delegation Clause

Matco further argues that the Distributorship Agreements delegate gateway questions of arbitrability to an arbitrator. (Doc. No. 28 at 20.) The purported delegation clause in the Plaintiffs' Distributorship Agreements states: all "disputes and controversies . . . arising from or related to this Agreement . . . will be determined exclusively by binding arbitration." (Doc. No. 28 at 20.)

Courts have held that if the validity of the agreement to arbitrate is in issue, a district court—and not a panel of arbitrators—must decide if the arbitration clause is enforceable

against the parties. *See also Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967) (holding that if the making of the arbitration agreement is an issue "the federal court may proceed to adjudicate it"). That is precisely the case here as Plaintiffs argue the arbitration provisions are unenforceable, and also additionally contend the provisions are procedurally and substantively unconscionable.

In addition, a delegation clause is only enforceable "when it manifests a clear and unmistakable agreement to arbitrate arbitrability, and is not invalid as a matter of contract law." *Oliver v. First Century Bank, N.A.*, No. 17-CV-620-MMA (KSC), 2017 WL 5495092, at *2 (S.D. Cal. Nov. 16, 2017). Given the generalized language of the alleged delegation clause, the Court finds no such "clear and unmistakable" agreement to delegate. Notably missing from this alleged delegation clause is any language delegating questions of "interpretation, applicability, enforceability or formation" to an arbitrator. *Cf. Armenta v. Go-Staff, Inc.*, No. 16-CV-2548 JLS (AGS), 2017 WL 1711293, at *1 (S.D. Cal. May 3, 2017) (granting motion to compel arbitration where delegation clause stated "[t]he arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of this Agreement, including, but not limited to, any claim that all or any part of this Agreement is void or voidable."). As such, the questions of arbitrability should not be delegated to an arbitrator.

### B. Irreparable Harm in The Absence of a TRO

A plaintiff seeking a TRO must establish a likelihood of irreparable harm in the absence of relief. *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1242 (9th Cir. 2013). "Those seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm." *Id.* at 21. A court may not rely on "unsupported and conclusory statements regarding harm [a plaintiff] *might* suffer." *Id.* at 19 (internal quotation marks omitted; emphasis in the original). Without the issuance of a TRO, Plaintiffs will suffer irreparable injury and abridgement of their rights and remedies under California law if forced to litigate actions in an improper forum. *See World Grp. Sec. v. Tiu*, No. CV 03-2609 NM SHSX, 2003 WL 26119461, at *7 (C.D. Cal. July 22, 2003)

("[F]orcing Plaintiff to arbitrate would deprive it of its right to choose a forum and result in simultaneous litigation of this dispute in two forums, causing Plaintiff to expend time and incur additional legal expenses for which it has no adequate remedy at law."). Therefore, this factor weighs in favor of Plaintiffs.

### C. Balance of Hardships

Before issuing a TRO, courts must weigh "the competing claims of injury and [] consider the effect on each party of the granting or withholding of the requested relief." *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 542 (1987). The balance of equities tips sharply in favor of Plaintiffs as California residents. Indeed, all of Plaintiffs' work for Matco was performed in California. (Doc. No. 24-23 at ¶ 5; Doc. No. 24-26 at ¶ 5.) Plaintiffs have resided in California for their entire adult lives. (Doc. No. 24-23 at ¶ 4; Doc. No. 24-26 at ¶ 4.) And outside of traveling to Ohio for approximately ten days to receive training from Matco, Plaintiffs have never traveled to Ohio, and never intend to return to Ohio. (Doc. No. 24-23 at ¶ 5; Doc. No. 24-26 at ¶ 5.) Matco, on the other hand, does not explain why it would be harmed if its arbitration proceedings against Plaintiffs in its home state were temporarily enjoined. Furthermore, the Court agrees with Plaintiffs that a TRO would not divest Matco of its rights to pursue its claims in a proper forum. (Doc. No. 24-1 at 29.) Accordingly, this factor weighs heavily in favor of Plaintiffs as well.

### D. Public Interest

"The public interest analysis for the issuance of a [TRO] requires [district courts] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Cottrell*, 632 F.3d at 1138 (citation omitted). An issuance of a TRO based on these facts is not in contravention of the public's interest. Rather, it furthers the public's interest in ensuring California franchisees are not burdened with the "expense, inconvenience, and possible prejudice of litigating in a non-California venue." *Jones*, 211 F.3d at 498. Additionally, injunctive relief also furthers the public's interest in ensuring that parties are not forced to arbitrate under invalid arbitration provisions. As such, this factor too weighs in favor of a TRO.

13

## VI. CONCLUSION

In light of the foregoing, the Court **GRANTS** Plaintiffs' *ex parte* application for TRO. Defendant Matco Tools Corporation is temporarily **ENJOINED** from arbitrating its claims against Plaintiffs in the arbitration proceedings in Ohio. This TRO does not affect the parties' proceeding before the Northern District of Ohio. The hearing on Plaintiffs' motion for preliminary injunction and Matco's motion to dismiss remains on calendar for **March 5, 2020**. However, the time for the hearing will be continued from **2:00 PM to 4:30 PM**.

**IT IS SO ORDERED.**

Dated: January 31, 2020

Hon. Anthony J. Battaglia
United States District Judge